NOTICE: Under Supreme Court Rule 367 a party has 21 days after the

filing of the opinion to request a rehearing. Also, opinions are

subject to modification, correction or withdrawal at anytime prior

to issuance of the mandate by the Clerk of the Court. Therefore,

because the following slip opinion is being made available prior to

the Court's final action in this matter, it cannot be considered

the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of

Decisions in the Official Reports advance sheets following final

action by the Court.

                                    

              Docket No. 80060--Agenda 18--September 1996.

     MEYER PROCTOR et al., Appellants, v. THE UPJOHN COMPANY et al.,

                               Appellees.

                    Opinion filed February 20, 1997.

                                    

     CHIEF JUSTICE HEIPLE delivered the opinion of the court:

     The sole issue in this case is whether a decision of the

appellate court obtains within the meaning of the Illinois

Constitution (Ill. Const. 1970, art. VI, §5), the Appellate Court

Act (705 ILCS 25/1(d) (West 1994)), and the rules of this court

(145 Ill. 2d R. 22(c)) where two judges concur in the opinion, the

third judge dissents, and one of the concurring judges then vacates

his office before the opinion is filed. The short answer is, it

does not.

     The record before us shows that the jury rendered a verdict in

this case in favor of the plaintiffs, Meyer and Marjorie Proctor,

against defendant Upjohn. The appellate court affirmed subject to

a reduction in the punitive damage award, but then granted Upjohn's

petition for rehearing. Upon rehearing, the appellate court issued

a modified opinion which reversed the circuit court's judgment

against Upjohn and granted judgment notwithstanding the verdict in

Upjohn's favor. 275 Ill. App. 3d 593. Justice McCormick, who

participated in both the original opinion and the modified opinion,

retired two months before the modified opinion was filed. The two

remaining justices did not agree, with Justice DiVito listed as

author, and Justice Hartman dissenting.

     Two requirements are necessary for an appellate court opinion.

First, three judges must participate in the decision of every case.

145 Ill. 2d R. 22(c). Second, the concurrence of two judges in the

judgment of the court is necessary. 145 Ill. 2d R. 22(c); Ill.

Const. 1970, art. VI, §5; 705 ILCS 25/1(d) (West 1994). Absent the

concurrence of at least two judges, the appellate court cannot

render a valid judgment. See Cirro Wrecking Co. v. Roppolo, 153

Ill. 2d 6, 17 (1992).

     With regard to the requirement that three appellate judges

participate in the decision of each case, this court has held that

the departure of a judge prior to the filing date will not affect

the validity of the decision so long as the remaining two judges

concur. Cirro Wrecking Co. v. Roppolo, 153 Ill. 2d at 17-19; but

cf. People ex rel. Director of Finance v. Young Women's Christian

Ass'n, 74 Ill. 2d 561 (1979) (allowing a 1-1 appellate decision to

function as an affirmance of the trial court where all the other

appellate justices in the district had recused themselves). Here,

the two judges who remained on the panel when the modified opinion

was filed did not agree and nothing precluded substituting another

appellate judge to replace the third panel member who had retired.

Consequently, the modified opinion was invalid.

     Given the invalidity of the modified opinion, this court has

no jurisdiction to entertain an appeal therefrom. 166 Ill. 2d R.

315; People ex rel. Director of Finance v. Young Women's Christian

Ass'n, 74 Ill. 2d at 567. Accordingly, we order that this appeal be

dismissed and instruct the appellate court to enter a

constitutionally valid opinion or order disposing of the matters

raised, briefed and argued subsequent to Upjohn's unanimously

allowed rehearing petition.

Appeal dismissed.

     JUSTICE HARRISON, concurring in part and dissenting in part:

     Although the majority has not mentioned it, this case came

before us under Rule 316 (155 Ill. 2d R. 316). That rule authorizes

this court to review a decision of the appellate court where the

appellate court certifies that the decision involves a question of

such importance that it should be decided by us. Because there was

no concurrence of two judges here, however, and therefore no

"decision," the predicate for a Rule 316 appeal was absent and a

certificate of importance should not have issued. People ex rel.

Director of Finance v. Young Women's Christian Ass'n, 74 Ill. 561,

567 (1979). There being no other basis for this court to assert

jurisdiction, this appeal should be dismissed. To this extent I am

in full agreement with my colleagues.

     I dissent because I do not believe that the case should be

sent back for further proceedings. In effect, the majority's

disposition enables Upjohn to obtain a second rehearing before a

newly constituted appellate court panel. This is wholly improper.

The purpose of a motion for rehearing is to provide litigants with

the opportunity to direct the reviewing court's attention to

matters that it may have overlooked or misapprehended. 155 Ill. 2d

R. 367. Upjohn has already been afforded this opportunity. Its

contentions received full consideration, and it is not entitled to

have its case considered again simply because the two members of

the appellate court panel who remained in office could not agree on

how the case should be decided. 

     The situation here is no different from any other case where

the required concurrence of two judges cannot be obtained. Where,

as here, the necessary majority is absent and the appellate court

is left evenly divided, the litigants are not entitled to reargue

their cases before different judges. Rather, this court has

expressly held that the appellate court should affirm the judgment

of the circuit court. People ex rel. Director of Finance v. Young

Women's Christian Ass'n, 74 Ill. 2d at 567. There is no basis for

deviating from that precedent here.

     For the foregoing reasons, I would dismiss the appeal and

remand the cause to the appellate court with directions to affirm

the circuit court's judgment.